[Cite as *State v. Lucien*, 2023-Ohio-3128.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2023-P-0013** |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the<br>Court of Common Pleas |
| BRANDON M. LUCIEN, | |
| Defendant-Appellant. | Trial Court No. 2020 CR 00875 |

**O P I N I O N**

Decided: September 5, 2023
Judgment: Reversed and remanded

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Susan J. Moran*, 1382 West 9th Street, Suite 410, Cleveland, OH 44113 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}   Defendant-appellant, Brandon M. Lucien, appeals the denial of his Motion for Post-Conviction Relief.  For the following reasons, we reverse the decision of the court below and remand for further proceedings consistent with this opinion.

{¶2}   Lucien is currently serving an aggregate indeterminate prison sentence of six to nine years following his convictions for Burglary and Abduction in the Portage County Court of Common Pleas.  *See State v. Lucien*, 11th Dist. Portage No. 2021-P-0107, 2022-Ohio-2464.

{¶3} On November 4, 2022, Lucien filed a Motion for Post-Conviction Relief based on claims of actual innocence and ineffective assistance of counsel: "In this case, Brandon Lucien, was induced by [trial counsel] to plead guilty to crimes he did not commit, upon a promise that he would receive only a six-month inpatient drug treatment program in lieu of jail." Affidavits and other documents were attached in support of the Motion.

{¶4} On March 14, 2023, the trial court denied Lucien's Motion. The court's Judgment Entry provides as follows:

> This matter is before the Court on Defendant's Motion for Post Conviction Relief. The Court has reviewed Defendant's Motion, the State's response, and the Defendant's reply.
>
> The Court finds that the petition for postconviction relief is without merit and is hereby dismissed. The request for hearing on the matter is denied.

**IT IS SO ORDERED.**

{¶5} On March 31, 2023, Lucien filed a Notice of Appeal. On appeal, he raises the following assignments of error:

> [1.] The trial court deprived Appellant of his right to due process under the Fourteenth Amendment by failing to make adequate findings of fact and conclusions of law before denying Appellant's Petition for Post-Conviction Relief Motion as required by R.C. 2953.21.
>
> [2.] The trial court erred by failing to hold a hearing on the Appellant's Petition for Post-Conviction Relief.
>
> [3.] The trial court erred by dismissing Appellant's Petition based on the merits which alleged actual innocence and that Appellant was denied effective assistance of counsel, due process, and the right to a fair trial, as guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10, Ohio Constitution.

Lucien's first assignment of error is determinative of this appeal and renders the other assignments of error moot.

2

Case No. 2023-P-0013

{¶6} "[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58.

{¶7} Ohio's postconviction relief statute provides: "If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal." R.C. 2953.21(D).

{¶8} "R.C. 2953.21 requires the trial court to consider the allegations of the petition for postconviction relief and the particular facts upon which the petitioner bases his claim; if, upon such consideration, the trial court finds no grounds for a hearing, the court is required to make and file findings of fact and conclusions of law as to the reasons for the dismissal and as to the grounds for relief relied upon in the petition." *State v. Lester*, 41 Ohio St.2d 51, 322 N.E.2d 656 (1975), paragraph two of the syllabus. "A trial court properly denies a petition for postconviction relief, made pursuant to R.C. 2953.21, and issues proper findings of fact and conclusions of law where such findings are comprehensive and pertinent to the issues presented, where the findings demonstrate the basis for the decision by the trial court, and where the findings are supported by the evidence." *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph three of the syllabus; *State v. Blanton*, __ Ohio St.3d __, 2022-Ohio-3985, __ N.E.3d __, ¶ 24 ("[i]f the trial court dismisses a petition on the basis that it fails to allege substantive grounds for relief, the court must include findings of fact and conclusions of law explaining the reasons for that decision").

3

Case No. 2023-P-0013

{¶9} The Supreme Court of Ohio has explained the purpose of the rule as follows:

> "'The obvious reasons for requiring findings are "* * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." *Jones v. State* (1966), 8 Ohio St.2d 21, 22 [37 O.O.2d 357, 358, 222 N.E.2d 313, 314]. The exercise of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than [that] he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error.'" *State ex rel. Carrion v. Harris* (1988), 40 Ohio St.3d 19, 530 N.E.2d 1330, 1330-1331, quoting *State v. Mapson* (1982), 1 Ohio St.3d 217, 219, 1 OBR 240, 242, 438 N.E.2d 910, 912.

*Calhoun* at 291.

{¶10} In the present case, the trial court's summary dismissal of Lucien's Motion fails to set forth findings of fact and conclusions of law explaining the reason for its decision. The State of Ohio concedes the error and acknowledges that the appropriate remedy "is a remand for a statutor[il]y compliant entry." Brief of the State of Ohio at 3. *See State v. Emerine*, 11th Dist. Trumbull No. 2017-T-0091, 2018-Ohio-2458, ¶ 8 ("the record reveals and the state concedes that the trial court erred in failing to file findings of fact and conclusions of law when it denied appellant's timely petition for postconviction relief without a hearing," and, therefore, "we dismiss and remand for the required findings").

{¶11} The first assignment of error is with merit. The second and third assignments are moot.

{¶12} On remand, the "trial court should give due deference to affidavits sworn to under oath and filed in support of the petition." *Calhoun*, 86 Ohio St.3d at 284, 714 N.E.2d

4

905. Before deciding whether Lucien is entitled to a hearing on his Motion, the court must "determine whether there are substantive grounds for relief." R.C. 2953.21(D); *State v. Milanovich*, 42 Ohio St.2d 46, 325 N.E.2d 540 (1975), paragraph one of the syllabus ("[w]here a claim raised by a petition for postconviction relief under R.C. 2953.21 is sufficient on its face to raise an issue that petitioner's conviction is void or voidable on constitutional grounds, and the claim is one which depends upon factual allegations that cannot be determined by examination of the files and records of the case, the petition states a substantive ground for relief"). "A trial court that discounts the credibility of sworn affidavits should include an explanation of its basis for doing so in its findings of fact and conclusions of law, in order that meaningful appellate review may occur." *Calhoun* at 285.

{¶13} For the foregoing reasons, the denial of Lucien's Motion for Post-Conviction Relief is reversed, and this matter is remanded for further proceedings consistent with this Opinion. Costs to be taxed against the appellee.

JOHN J. EKLUND, P.J.,

MARY JANE TRAPP, J.,

concur.

5

Case No. 2023-P-0013