[Cite as *State v. Golden*, 2023-Ohio-2780.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

     Plaintiff-Appellee,                      :

                                No. 22AP-481

v.                                                           :                    (C.P.C. No. 00CR-4404)

Travis Golden,                                      :                    (ACCELERATED CALENDAR)

     Defendant-Appellant.                  :

---

D E C I S I O N

Rendered on August 10, 2023

---

**On brief:** *Janet A. Grubb*, First Assistant Prosecuting Attorney, and *Kimberly M. Bond*.

**On brief:** *Travis Golden*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Defendant-appellant, Travis Golden, appeals from the decision of the Franklin County Court of Common Pleas denying the motion that he filed collaterally attacking his conviction over twenty years ago. Regardless of how Mr. Golden styled the motion, the relief he sought was only cognizable under R.C. 2953.21, the postconviction relief statute. Because the filing did not overcome the jurisdictional bar on untimely or successive petitions under 2953.23(A)(1), the trial court lacked jurisdiction to consider it.

{¶ 2} The state filed a two-count indictment against Mr. Golden on July 20, 2000. The first count alleged an aggravated murder charge with a firearm specification under R.C. 2941.145, arising from the death of victim Erskine James Hamber. (July 20, 2000 Indictment at 1.) The second count charged Mr. Golden with discharging a firearm at or into an occupied structure in violation of R.C. 2923.161 with a firearm specification under

R.C. 2941.145. *Id*. at 2. A jury found Mr. Golden not guilty of aggravated murder, but guilty of the lesser included offense of murder under R.C. 2903.01 with a firearm specification. (Feb. 20, 2001 Verdict.) The jury also found Mr. Golden guilty of discharging a firearm at or into an occupied structure, along with a firearm specification. *Id*. The trial court sentenced Mr. Golden to fifteen years to life on the murder charge, three years on the discharging of a firearm charge, and three years on each of the firearm specifications. (Feb. 26, 2001 Jgmt. Entry.) The trial court merged the firearm specifications and chose to run the prison sentences consecutively. *Id*. This court affirmed the convictions on direct appeal. *State v. Golden*, 10th Dist. No. 01AP-367, 2001 Ohio App. LEXIS 5721 (Dec. 20, 2001).

{¶ 3} Mr. Golden subsequently filed an App.R. 26(B) application to reopen his appeal based on alleged ineffective assistance of counsel, which this court denied. *State v. Golden*, 10th Dist. No. 01AP-367 (Dec. 10, 2002 memorandum decision). In addition, he filed a motion for reconsideration of that denial, which this court also denied. *State v. Golden*, 10th Dist. No. 01 AP-367 (Mar. 4, 2003 memorandum decision). Mr. Golden requested leave to file a motion for a new trial under Crim.R. 33 and a petition for postconviction relief under R.C. 2953.21. This court affirmed their denial on appeal. *State v. Golden*, 10th Dist. No. 09AP-1004, 2010-Ohio-4438. He also filed a motion for a new trial, and this court affirmed the trial court's denial of the motion. *State v. Golden*, 10th Dist. No. 13AP-927, 2014-Ohio-2148. Mr. Golden also turned to the federal courts, where he unsuccessfully petitioned for several writs of habeas corpus. *Golden v. Haviland*, S.D.Ohio No. 2:05-cv-242, 2006 U.S. Dist. LEXIS 13871 (Mar. 29, 2006) (adopting magistrate's recommendation to dismiss petition for a writ of habeas corpus under 28 U.S.C. § 2254 due to filing outside the one-year statute of limitations under 28 U.S.C. § 2244(d)); *Goldman* [*sic*] *v. Brunsman*, S.D.Ohio No. 2:11-CV-515, 2011 U.S. Dist. LEXIS 116536 (Oct. 7, 2011) (adopting magistrate's recommendation to transfer petition to Sixth Circuit Court of Appeals because 28 U.S.C. § 2244(b)(3)(A) barred district court from considering a successive petition without approval from appellate court); *Golden v. Warden, Lebanon Corr. Inst.*, S.D.Ohio No. 2:15-cv-2887, 2015 U.S. Dist. LEXIS 172715 (Dec. 29, 2015) (transferring second successive petition to Sixth Circuit Court of Appeals).

**{¶ 4}** Mr. Golden returned to state court and filed a motion captioned "Motion to Vacate a Void Judgment for a Lack of Subject Matter Jurisdiction" on January 23, 2019. In support of the motion, he argued that the trial court "lost jurisdiction" when it allowed him to be convicted for murder because the offense was "not charged in the indictment" brought against him. (Jan. 23, 2019 Memo in Supp. of Mot. at 1.) The trial court applied res judicata and denied the motion, finding that Mr. Golden "had the opportunity to raise his argument" on direct appeal but failed to do so. (Mar. 25, 2019 Decision & Entry at 2.) Even if res judicata did not apply, the trial court noted that the law allowed a jury instruction on the lesser included offense of which the jury found Mr. Golden guilty. *Id.* at 2. Mr. Golden did not appeal from the trial court's ruling.

**{¶ 5}** In the most recent collateral attack on his criminal conviction, Mr. Golden filed a motion on May 4, 2022, captioned "Motion to Dismiss, Pursuant to Crim.R. 12(C)(2); Crim.R. 48(B); and Crim.R. 52(B)." His arguments in support of the motion mirrored those he had advanced in support of the January 23, 2019 motion. Applying res judicata, the trial court denied the motion on July 6, 2022. Mr. Golden has appealed from that ruling and asserts the following three assignments of error:

> [I.] The Court of Common Pleas Denied The Defendant Equal Protection of the Law, Guaranteed By The 14th Amendment To the United States Constitution; And, Article One, Section Two, Of The Ohio Constitution When Judge Aveni Ignored the Defendant's Motion For A Stay of Execution, of His Motion To Dismiss, And, Ruled On The Case Prematurely.[1]
>
> [II.] The Defendant's Conviction For Murder, In Violation of R.C. 2903.01, Can Not Stand Because The General Assembly Did Not Enact Such a Change Into Law So The Trial Court's Judgment Entry, Which Adjudicates The Defendant's Conviction for Murder, In Violation Of R.C. 2903.01, Under Count One Of The Indictment By the Grand Jury, Provides the Very Pretext That Initiates This Court of Appeals' Article 4, Section 3(B)(2), Ohio Constitution's Judicial Power To Correct That Plain Error.

---

[1] We take no position on the motion for a stay of execution referenced in the first assignment of error because the record contains no ruling by the trial court on it. *See State v. Mendell*, 191 Ohio App.3d 325, 2010-Ohio-6107, ¶ 22 (2nd. Dist.) (because record lacked a ruling on a motion to dismiss, appellant could not "assign [it] as error on appeal").

[III.] Judge Aveni Abused His Discretion; Caused And Abuse of Process; And Abused His Authority Denying The Appellant's Motion To Dismiss Pursuant To The Doctrine Of Res Judicata – Because, In So Doing, The Judge Rendered A Decision That Lies Contrary To Binding Decisional Law That Has Been Set As Precedent [] By The Ohio Supreme Court, Which Initiates This Court Of Appeals' Judicial Power Per Article 4 & 3 (B)2 Of The Ohio Constitution To Correct That Plain Error's Manifest Miscarriage Of Justice.

{¶ 6} Mr. Golden brought his motion under Crim.R. 12(C)(2), 48(B), and 52(B). None of these provisions of the Ohio Rules of Criminal Procedure allows for the possibility of dismissing a criminal complaint after judgment. A motion brought under Crim.R. 12(C)(2) states "[d]efenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding)." However, such a motion "must be raised before trial." Crim.R. 12(C). Such a motion is not cognizable in a postconviction proceeding. *See, e.g.*, *Cleveland v. Farrell*, 8th Dist. No. 100136, 2014-Ohio-3131, ¶ 10, fn. 2 ("a motion for reconsideration of a final judgment, like the postconviction motion to dismiss [under Crim.R. 12(C)(2)] that [the defendant] filed, is not provided for in any criminal or civil rule and is therefore considered a legal nullity"). Regardless of how a defendant styles such a motion, it is "in substance, a successive petition for post-conviction relief." *State v. Pedraza*, 9th Dist. No. 20CA0067-M, 2021-Ohio-2976, ¶ 6 (construing postjudgment motion to dismiss on speedy trial grounds as a petition for postconviction relief).

{¶ 7} Neither is a motion under Crim.R. 48(B), which seeks dismissal by the court, cognizable in a postjudgment proceeding. *See State v. Ramsey*, 8th Dist. No. 112149, 2023-Ohio-2389, ¶ 13 (construing motion under Crim.R. 48(B) as a petition for postconviction relief). Mr. Golden also invoked Crim.R. 52(B) and requested that the trial court "correct [the] plain error" that purportedly arose from the imposition of the judgment and sentence he believes are void. (May 4, 2022 Mot. to Dismiss at 6.) But plain error is a rule that "allows the appellate court, at the request of appellate counsel or *sua sponte*, to consider a trial error that was not objected to when that error was a 'plain error.' " *State v. Slagle*, 65

Ohio St.3d 597, 604 (1992). Thus, it is a standard for reviewing alleged error, not a procedural mechanism for relief.

{¶ 8} "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12. In the postconviction relief statute, R.C. 2953.21, the General Assembly has provided a process for litigating the relief Mr. Golden seeks. In cases "where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997) (construing a defendant's "Motion to Correct or Vacate Sentence [as] a petition for postconviction relief as defined in R.C. 2953.21"). *See also Schlee* at ¶ 12 (construing a motion for relief from judgment under Civ.R. 60(B) as a petition for postconviction relief under R.C. 2953.21). Because Mr. Golden alleges that convicting him for the lesser-included offense of murder violated his due process rights as grounds for relief in the motion he filed after his direct appeal, the motion is properly construed as a petition for postconviction relief under R.C. 2953.21.

{¶ 9} The postconviction relief statute allows "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" to file a petition in the trial court that imposed sentence seeking an order vacating or setting aside the judgment. R.C. 2953.21(A)(1)(a)(i). However, the petition must "be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication" to be considered timely. R.C. 2953.21(A)(2)(a). The trial court "may not entertain a petition" that is untimely "or a second petition or successive petitions for similar relief on behalf of a petitioner unless" two conditions are met. R.C. 2953.23(A). The petitioner must show both of the following:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an

earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A)(1).

{¶ 10} In *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 36, the Supreme Court of Ohio held that "a petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." Here, Mr. Golden's petition was both untimely and successive. The 365 day period for bringing a petition expired over twenty years ago, and he has previously filed a petition for postconviction relief. *See State v. Golden*, 10th Dist. No. 09AP-1004, 2010-Ohio-4438 (affirming dismissal of previous petition). Thus, he was required to satisfy both prongs of R.C. 2953.23(A) in order for the trial court to exercise jurisdiction over his claim for relief. Because he provided no evidence to satisfy either prong, the trial court lacked jurisdiction over the matter. *E.g.*, *State v. Stewart*, 10th Dist. No. 19AP-458, 2020-Ohio-4709, ¶ 13 ("Because appellant's petition is an untimely petition for postconviction relief, and because appellant failed to produce evidence to support a finding that any of the R.C. 2953.23(A)(1) exceptions applied, the trial court lacked jurisdiction to entertain appellant's petition."). Thus, "the trial court did not err in denying appellant's petition, though technically the petition should have been dismissed for lack of jurisdiction." *State v. Banks*, 10th Dist. No. 12AP-96, 2012-Ohio-3770, ¶ 11. Accordingly, we find no error with the trial court's denial of Mr. Golden's motion, but must modify the ruling to reflect the lack of jurisdiction. The three assignments of error are overruled.

{¶ 11} For the foregoing reasons, the judgment of the Franklin County Court of Common Pleas is modified to reflect the dismissal of Mr. Golden's postconviction petition.

*Judgment modified;*
*postconviction petition dismissed.*

LUPER SCHUSTER and EDELSTEIN, JJ., concur.

_____