[Cite as *State v. Jury*, 2024-Ohio-3342.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                           Court of Appeals No.  E-23-058

       Appellee                                     Trial Court No.  2013-CR-0472

v.

Brian Jury                                             **DECISION AND JUDGMENT**

       Appellant                                    Decided:  August 30, 2024

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Brian Jury, Pro se.

* * * * *

**DUHART, J.**

**{¶ 1}** Appellant Brian Jury, pro se, brings this appeal from the judgment of the

Erie County Court of Common Pleas denying appellant's (1) motion for leave to file a

delayed motion for a new trial pursuant to Crim.R. 33(B), (2) motion for appointment of

counsel, and (3) motion for an extension of time pursuant to Crim.R. 33(A)(6) and/or (B).

For the reasons that follow, the trial court's judgment is affirmed.

## Statement of the Case and the Facts

{¶ 2}   This case arises out of the November 1, 2013, abduction and rape of the victim in Erie County, Ohio. Following an 8-day trial in 2014, a jury found Jury guilty of two counts of rape, one count of felonious assault, two counts of abduction, and three gun specifications. Appellant was sentenced to a total of 36 years in prison.

{¶ 3}   Jury appealed, claiming that (1) the verdict was against the manifest weight of the evidence; (2) the trial court erred by failing to give a lesser included charge of sexual battery; (3) the trial court erred by denying Jury's motion for mistrial; (4) the victim's testimony was wrongfully bolstered by inadmissible hearsay; (5) the trial court failed to make the necessary findings of fact before imposing consecutive sentences; and (6) Jury's sentence was excessive, unreasonable, and contrary to law. This court affirmed Jury's conviction and sentence on April 22, 2016. The Ohio Supreme Court declined to accept jurisdiction over the appeal.

{¶ 4}   In August 2015, while his direct appeal was pending, Jury filed a postconviction petition for relief claiming (1) the trial court lacked subject matter jurisdiction; (2) his conviction was based on illegally obtained evidence; (3) his trial counsel was ineffective for a number of reasons, both before and during trial; (4) the State violated *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to turn over emails and witnesses that could have provided Jury with an alibi; (5) the trial court relied on inaccurate information to justify imposing consecutive sentences; and (6) he was

2.

prejudiced by the trial court's failure to sua sponte change the trial's venue due to pretrial publicity. The trial court denied Jury's petition, and Jury did not appeal that decision.

{¶ 5} On June 20, 2016, Jury filed an application to reopen his direct appeal pursuant to App.R. 26(B), raising eight assignments of error relating to jurisdictional error, ineffective assistance of counsel, and prosecutorial misconduct. This court denied the application, and the Ohio Supreme Court declined to accept jurisdiction over the appeal.

{¶ 6} Beginning in July 2018, Jury filed numerous documents in the trial court, including (1) a July 10, 2018 motion for relief from judgment pursuant to Civ.R. 60(B), alleging that the State had violated its obligations under *Brady* by withholding cell phone records of Jury and the victim, including "cell-site location information" ("CSLI"), which is data from a cellphone that is maintained by the wireless carrier and that gives time-stamped information regarding the phone's physical location; (2) an August 13, 2018 document that he styled a "subpoena," asking the court to assist him in acquiring CSLI and text messages from Verizon Wireless; (3) a November 28, 2018 emergency injunction to order the wireless carriers to preserve any CSLI and text messages; (4) a January 7, 2019 request for records, seeking cellphone records that the State provided to defense counsel in discovery; (5) a July 12, 2021, motion to "renew" his Civ.R. 60(B) motion; (6) a December 15, 2021 motion for leave to file a delayed motion for a new trial under Crim.R. 33(B), claiming that he was unavoidably prevented from discovering CSLI from November 1, 2013; and (7) a January 10, 2022 delayed motion for new trial under

3.

Crim.R. 33(A)(6), alleging that the CSLI data and text messages -- which Jury did not actually have -- was newly-discovered evidence. On January 20, 2022, the trial court denied Jury's many filings, concluding that they were, in effect, successive petitions for postconviction relief.

{¶ 7} Jury appealed to this court, which affirmed the trial court's decision on December 9, 2022, and held as follows. First, the court held that the State had not committed any *Brady* violations in not subpoenaing CSLI data and text messages from the cellular providers for Jury's and the victim's cell phones. *State v. Jury*, 2022-Ohio-4419, ¶ 10 (6th Dist.). As the court explained, "[e]verything that Jury is claiming about CSLI – from the availability of CSLI data for his and the victim's phones, to the state's knowledge of CSLI, to the usefulness of the information for Jury's case – is based on varying degrees of speculation." *Id.* at ¶ 15. The court found that "[m]ere speculation, without more, is insufficient to support a claimed *Brady* violation. *Id.* (citations omitted). In addition, regarding the test messages, the court found that "it appears from the record (and Jury has not provided any evidence to the contrary) that the state provided the defense with all of the information that the prosecutor and his agents had." *Id.* at ¶ 16. As stated by the court, "the state cannot suppress records that it does not have – and that have never been in the possession of a state agent." *Id.* at ¶ 17 (citations omitted).

{¶ 8} Second, the court held that the trial court had correctly recast Jury's motion for relief from judgment as a successive petition for postconviction relief and had

4.

properly dismissed it. *Id.* at ¶ 25, 38. In reaching this conclusion, the court found:

> Taken together, this all shows that Jury was not unavoidably prevented from discovering the facts underlying his postconviction relief petition. First and foremost, he has not presented any new evidence for us to review. He is merely speculating—without producing any type of proof—that new evidence exists and that the evidence would have changed the result of his trial. Second, Jury has not demonstrated that the state committed *Brady* violations by failing to obtain CSLI and text messages from an entity that is not a state agent or under the state's control. Nor has he shown that he was unavoidably prevented from discovering the information. Although Jury was clearly unaware of what CSLI was until June 2018, his filings show that he was aware that some of the text messages between him and the victim were not in the records turned over by the state, and nothing indicates that the defense could not have discovered this information through some simple investigation—i.e., reasonable diligence.

*Id.* at ¶ 37. Addressing, and ultimately dismissing, Jury's "primary argument regarding the [never produced] text messages" – namely, that the texts would show that Jury and the victim were involved in a sex-for-hire relationship that the victim primarily initiated – the appellate court stated:

> Jury seems to imply that their sexual interactions the day of the crimes were consensual because of their prior transactional relationship. But, when considered with the other testimony at trial – which included sources other than the victim, who had a host of credibility issues – this is insufficient to exonerate Jury.

*Id.* at ¶ 35.

{¶ 9}  Finally, the court held that although the trial court had erroneously considered Jury's Crim.R. 33(B) motion as a postconviction petition for relief, any such

error was harmless. *Id.* at ¶ 42. Explaining that the findings relative to the postconviction relief petition had equal weight for Jury's motion for leave to file a new trial, the appellate court specified that because the State had not committed a *Brady* violation and because Jury was not unavoidably prevented from discovering the CSLI data and text messages, the trial court did not abuse its discretion by denying Jury's Crim.R. 33(B) motion for leave to file a new trial. *Id.* at ¶ 47.

{¶ 10} Jury filed an application for reconsideration pursuant to App.R. 26(A)(1), which was denied by this court on February 13, 2023. The Ohio Supreme Court declined jurisdiction on May 22, 2023.

{¶ 11} On March 27, 2023, Jury filed another motion for leave to file a delayed motion for a new trial under Crim.R. 33(B). He states in his latest motion that, due to deficiencies on the part of either his trial counsel or the prosecution, he was "unavoidably prevented from discovering" CLSI data from November 1, 2013, for the victim's cell phone and his own cell phone. He then claims that he was unavoidably prevented from obtaining discovery when the state suppressed, or his own trial counsel withheld, over 150 actual text messages between his cell phone and the victim's cell phone for a year prior to and including November 1, 2013. Next, he claims that, as a result of his trial counsel's failure to investigate, he was prevented from discovering (1) blood evidence that was taken from the victim during the sexual assault exam; (2) evidence relating to a "third semen donor that was present within [the victim's] vaginal cavity;" and (3) semen/DNA evidence from the "inner crotch area" of the victim's pants (the transfer of

6.

which "would have demonstrated a previous sexual relationship [between Jury and the victim] before the alleged assault"). Finally, Jury claims that his trial counsel unavoidably prevented him from discovery when his counsel "failed to investigate and impeach the state's witness in regards to the physical evidence presented with [Airgas employee] Pegas' testimony."

{¶ 12} On April 10, 2023, Jury also filed a motion for appointment of counsel and a motion for an extension of time pursuant to Crim.R. 33(A)(6) and/or (B) to "produce such affidavits, subpoenas, witnesses required at an evidentiary hearing and/or to be filed with his [motion for a new trial]."

{¶ 13} On November 15, 2023, the trial court issued a judgment entry denying Jury's motions based on res judicata and the law of the case. Appellant timely appealed.

## Assignments of Error

{¶ 14} On appeal, Jury asserts the following assignments of error:

I.    The Trial Court erred, abused its discretion, when it prematurely denied Defendant's/Appellant's "Motion for Leave to File a Delayed Motion for a New Trial," etc., without giving consideration to other various motion requests that were filed before the Trial Court's Judgment Entry and in support of his Crim.R. 33(B) filing(s).

II. The Trial Court erred, abused its discretion, when it improperly applied Res Judicata/Law of the Case (doctrine) without making the prerequisite findings of Defendant/Appellant of being "unavoidably prevented" to Appellant's Motion for Leave to File a Delayed Motion for New Trial pursuant to Crim.R. 33(B).

III. The Trial Court erred, abused its discretion, when it failed to provide an evidentiary hearing on Appellant's Motion for Leave to file a Delayed Motion for New Trial when Defendant/Appellant clearly provided prima facia [sic] evidence of being "unavoidably prevented" of such evidence.

## Law and Analysis

{¶ 15} All three assignments of error assert that the trial court erred by denying Jury's motion for leave to file a delayed motion for a new trial. Therefore, this court will address all of the assignments of error together in this analysis.

{¶ 16} An appellate court reviews the denial of leave to file a delayed motion for a new trial under an abuse of discretion standard. *State v. Thompson*, 2016-Ohio-1399, ¶ 16 (6th Dist.), citing *State v. Willis*, 2007-Ohio-3959, ¶ 12 (6th Dist.). "An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or

8.

unconscionable." *Thompson* at ¶ 16, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 17} Crim.R. 33(A) sets forth six grounds on which a trial court may grant a defendant's motion for a new trial in a criminal case. Jury's latest claims were apparently based on Crim.R. 33(A)(1), (2), and (6), which provide:

> **(A) Grounds.** A new trial may be granted on motion of the defendant for any of the following causes affecting materially the defendant's substantial rights:
>
> (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;
>
> (2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;
>
> …
>
> (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

{¶ 18} Crim.R. 33(B) prescribes the time limits by which a defendant must file his motion for a new trial. It provides:

9.

Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶ 19} In the present case, Jury was convicted in June 2014. He did not file his latest motion for leave to file a delayed motion for a new trial until March 27, 2023, well beyond both the 14-day and 120-day time limits in Crim.R. 33(B).

{¶ 20} Although Crim.R. 33(B) allows a party to move for a new trial after these deadlines have expired, the party may do so only after proving by clear and convincing evidence that: (1) the party was unavoidably prevented from filing the motion for a new trial within the 14-day period (for Crim.R. 33(A)(1) and (2) claims); or (2) unavoidably prevented from discovering the new evidence on which the party relies (for Crim.R. 33(A)(6) claims). *See State v. G.F.*, 2019-Ohio-3673, ¶ 18 (10th Dist.); *State v. Roberts*,

10.

141 Ohio App.3d 578, 582 (6th Dist. 2001). In such cases, the party must seek an order from the court finding that the party was unavoidably prevented from filing a timely motion and/or discovering new evidence, and the party must file his motion within 7 days of any such order. Crim.R. 33(B).  The denial of Jury's request for such an order by the trial court is at issue in the current appeal.

{¶ 21} As indicated above, the trial court found that the motions at issue in the instant case were barred by the doctrine of res judicata and the law of the case. The Ohio Supreme Court has explained the doctrine of res judicata as follows:

> 'Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial,* which resulted in that judgment or conviction, *or on an appeal* from that judgment.'

*State v. Cole*, 2 Ohio St.3d 112, 113 (1982) (emphasis in original), quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. Ohio law is clear that "arguments advanced in a successive motion for a new trial may be barred by the doctrine of res judicata." *State v. Quinn*, 2018-Ohio-5279, ¶ 23, citing *State v. Reed*, 2015-Ohio-3051, ¶ 28 (finding that where appellant "previously filed a motion for a new trial," res judicata bars use of a successive new trial motion to raise issues that could have been asserted in the prior motion). (Additional citations omitted.)

11.

{¶ 22} Under the law of the case doctrine, a decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings in that case at both the trial and reviewing levels. *Nolan v. Nolan*, 11 Ohio St.3d 1 (1984).

{¶ 23} Here, several of the claims in Jury's latest motion for leave to file a delayed motion for a new trial have already been raised by Jury and rejected by the courts. Appellants' first two claims, regarding CSLI data and text messages from his cell phone and the victim's cell phone were previously raised in Jury's December 15, 2021, motion for leave to file a delayed motion for a new trial. That motion was denied by the trial court, and, as indicated above, this court held on appeal that the State had not committed a *Brady* violation and that Jury was not unavoidably prevented from discovering the CLI data and text messages for purposes of CrimR. 33(B). *See Jury*, 2022-Ohio-4419, at ¶ 47.

{¶ 24} Appellant's claim regarding his trial counsel's alleged failure to investigate or question the victim on the third semen donor was previously raised in his June 20, 2016, application to reopen his direct appeal pursuant to App.R. 26(B). This court denied that application, and in its decision and judgment entry dated August 19, 2016, specifically found:

> In appellant's sixth assignment of error, he argues that appellate counsel was ineffective in failing to raise trial counsel's failure to pursue the investigation of a 'mystery semen donor.' Appellant's alleged error refers to an 'unknown partial-Y chromosome" recovered from the victim. The BCI report indicated that there was 'insufficient data' for comparison. Appellant argues that trial counsel should have had the sample retested. We reject this argument. The BCI scientist was cross-examined regarding the report. Further,

12.

the fact that there may have been a 'mystery' donor does not negate the findings implicating appellant.

Thus, at least three of the five claims raised in Jury's latest motion for leave to file a delayed motion for a new trial have already been resolved by the courts, and so appellant is barred from raising them again. *See State v. Baker*, 2010-Ohio-2915, ¶ 31 (finding that the defendant's second delayed motion for a new trial was barred by res judicata where it was "essentially 'rehashing' his claim of ineffective assistance of counsel" from his first motion).

{¶ 25} Appellant's remaining three claims, regarding his trial counsel's alleged failures to (1) investigate or test blood taken from the victim; (2) investigate or test the inner crotch area of the victim's pants for Jury's semen or DNA[1]; and (3) investigate or impeach a state's witness, could have been raised on direct appeal or in his December 15, 2021, motion for leave to file a delayed motion for a new trial. All three of these claims relate to alleged failures by Jury's trial counsel that occurred either before or during trial, and all three of the claims could have been litigated based on the trial record. Because Jury could have raised these claims during his direct appeal or in his previous motion for leave, and because they could have been litigated based on the record, they are also

---

[1] We note that Jury's stated reason for wanting evidence from the crotch area of the victim's pants is to demonstrate "a previous sexual relationship [with the victim] before the alleged assault." As noted by this court in *State v. Jury,* 2022-Ohio-4419 (6th Dist.), evidence suggesting that "their sexual interactions the day of the crimes were consensual because of their prior transactional relationship," would be "insufficient to exonerate Jury" when considered with the other testimony at trial. *Id.* at ¶ 35.

13.

barred by res judicata. *See State v. Redd*, 2013-Ohio-5181, ¶ 19 (6th Dist.) (finding that the defendant's Crim.R. 33 claim of ineffective assistance of counsel was barred by res judicata where the claim "involve[d] alleged irregularities that occurred during his trial and are part of the trial record"); *State v. Blanton*, 2022-Ohio-3985, ¶ 2 (holding that res judicata applies and acts to bar a postconviction claim of ineffective assistance of counsel where the claim could have been litigated based on the trial record). Accordingly, each of the grounds cited in Jury's latest motion for leave to file a delayed motion for a new trial are barred by the doctrine of res judicata and/or the law of the case.

{¶ 26} In his first assignment of error, Jury contends that the trial court nonetheless abused its discretion by denying his motion for leave without first allowing "the development of facts necessary to support Appellant's claims within his Crim.R. 33(B) filing." He asks this court to remand the case "so the facts/record can be developed, allowing Appellant to gather the supporting material evidence necessary to support his claims." But this argument ignores the fact that Jury's claims are barred by the doctrines of res judicata and the law of the case because each of Jury's claims were previously raised and rejected or could have been raised on direct appeal or in his first motion for leave to file a delayed motion for a new trial. To allow Jury to search for materials in support of claims that he is barred from raising would be pointless. Accordingly, Jury's first assignment of error is found not well-taken.

{¶ 27} In his second assignment of error, Jury argues that the trial court improperly applied the doctrines of res judicata and the law of the case. First, he contends

14.

that the trial court erred by denying his motion for leave without issuing findings of fact and conclusions of law. However, "[t]he plain language of Crim.R. 33 does not require the court to issue findings of fact and conclusions of law when denying a motion thereunder." *State v. Johnson*, 2023-Ohio-918, ¶ 21 (7th Dist.). Furthermore, the Ohio Supreme Court has held that a trial judge had "no duty to issue findings of fact and conclusions of law when he denied [the defendant's] Crim.R. 33 motion for a new trial." *State ex rel. Collins v. Pokorny*, 86 Ohio St.3d 70, 70 (1999). (Additional citation omitted.) "Likewise, 'a trial court is not required to issue findings of fact and conclusions of law when denying without a hearing a motion for leave to file a delayed motion for new trial.'" *Johnson* at ¶ 21, quoting *State v. Briscoe*, 2021-Ohio-4317, ¶ 27 (8th Dist.).

{¶ 28} Appellant next contends that the trial court erred by "fail[ing] to acknowledge[] Appellant's Verizon Wireless letter." The Verizon letter, dated January 24, 2023, merely confirms that the records that Jury was seeking were "past retention," that is, they do not exist. The letter has no bearing on the trial court's ruling that Jury's latest claims are barred by res judicata and the law of the case. Accordingly, appellant's second assignment of error is found not well-taken.

{¶ 29} Finally, Jury contends in his third assignment of error that the trial court abused its discretion by denying his motion for leave without holding an evidentiary hearing. "A defendant is entitled to a hearing on a motion for leave to seek a new trial if he submits documents that on their face support his claim of being unavoidably prevented from meeting Crim.R. 33's time requirement." *State v. Hiler*, 2017-Ohio-7636, ¶ 12 (2d

15.

Dist.), citing *State v. Lanier*, 2010-Ohio-2921, ¶ 16 (2d Dist.). In the instant case, Jury offered only his own self-serving affidavit, in which he claimed that he was not aware of CSLI or of his trial counsel's subpoena request for records from Verizon Wireless. However, he made no attempt to explain why it took him nearly nine years to discover the alleged failures of his trial counsel on which his motion is based. Each of the claims raised in Jury's motion for leave were either known to Jury within the time prescribed for filing the motion for a new trial or would have been known to him upon the exercise of reasonable diligence. *See State v. Bridges*, 2016-Ohio-7298, ¶ 24 (finding that the defendant had failed to establish that he was unavoidably prevented from timely filing his Crim.R. 33 motion for new trial due to the ineffective assistance of his counsel, because his claim of ineffective assistance of counsel was "either known to [him] within the time prescribed for filing the motion for new trial or would have been known upon the exercise of reasonable diligence"); *State v. Carson*, 2007-Ohio-6382, ¶ 17 (10th Dist.) (finding that where the defendant's Crim.R. 33 claim of ineffective assistance of counsel was "premised in conduct that occurred prior to or during trial," he failed to "prove that he was unavoidably prevented from filing a timely motion").

{¶ 30} Furthermore, the burden of proving unavoidable delay by clear and convincing evidence requires more than a mere allegation in a defendant's affidavit that he only recently learned of the grounds for his motion for a new trial. *See State v. Sevilla*, 2023-Ohio-1726, ¶ 16 (10th Dist.) (the defendant's assertion that he had "just recently come across" the alleged new evidence purporting to support his claim of self-defense

16.

was not sufficient on its face to meet his burden of proving unavoidable delay by clear and convincing evidence).

{¶ 31} "'[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for a new trial *and* could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence.'" (Emphasis added). *State v. Clyde*, 2019-Ohio-302, ¶ 13 (6th Dist.), quoting *State v. Sandoval*, 2014-Ohio-4972, ¶ 13. (Additional citation omitted.) In the instant case, Jury failed to show that he could not have learned of the existence of each of the grounds supporting his motion for leave within the timeframe prescribed by Crim.R. 33(B) despite exercising reasonable diligence.

{¶ 32} Appellant now cites the January 24, 2023, Verizon letter as evidence that his "due diligence [was] stymied by trial counsel not willing to provide discovery…; prosecutorial misconduct…; and the trial court's denial of various motion(s) requests, etc." But the letter does not, on its face, support his claim that he was unavoidably prevented from timely discovering what he now claims is new evidence. All the letter proves is that Verizon does not have any of the CSLI data or text messages that Jury is seeking. Because Jury failed to submit documents showing that he was unavoidably prevented from meeting Crim.R. 33's time requirement, the trial court did not abuse its discretion by denying his motion for leave without a hearing. Appellant's third assignment of error is therefore found not well-taken.

17.

**Conclusion**

{¶ 33} For all of the foregoing reasons, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is to pay the costs of appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmuda, J.

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.