[Cite as *State v. Jury*, **2024-Ohio-6049.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                      Court of Appeals No.   E-24-017
                                                                         E-24-018

      Appellee                               Trial Court No.  2013 CR 0472

v.

Brian Jury                                         **DECISION AND JUDGMENT**

      Appellant                              Decided:  December 27, 2024

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Brian Jury, Pro se.

* * * * *

**SULEK, J.**

{¶ 1} Appellant, Brian Jury, pro se, appeals from two judgments of the Erie County Court of Common Pleas which, respectively, denied his postconviction motions for DNA testing, request for records, and motion for dismissal of his indictment.  For the reasons that follow, the judgments are affirmed.

## I. Facts and Procedural History

{¶ 2} In August 2014, Jury was convicted and sentenced on two counts each of rape and abduction and one count of felonious assault. Jury filed a direct appeal in this court, raising six assignments of error relating to the weight of the evidence, hearsay, improper expert testimony, lesser included jury instructions, and sentencing errors. In April 2016, this court affirmed Jury's conviction and sentence. *State v. Jury*, 2016-Ohio-2663 (6th Dist.).

{¶ 3} In May 2015, while Jury's direct appeal was pending, he filed a petition for a writ of habeas corpus in the Seventh District Court of Appeals challenging the sufficiency of the indictment. Dismissing the petition, the court found that Jury had an adequate remedy at law. *Jury v. Miller*, 2015-Ohio-2998 (7th Dist.)

{¶ 4} In August 2015, Jury filed a postconviction petition for relief raising multiple claims including: the trial court lacked subject matter jurisdiction over the case because Jury's warrantless arrest was without probable cause; his conviction was based on illegally seized evidence; he was denied the effective assistance of counsel for a variety of reasons including compelling Jury to testify and failing to investigate leads and call witnesses; that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to provide e-mails which could have provided an alibi; the trial court's imposition of consecutive sentences relied on inaccurate information; and the trial court erred by failing to, sua sponte, change the trial's venue due to pretrial publicity. The trial court denied the motion, finding Jury's claims barred by res judicata.

2.

{¶ 5} In June 2016, Jury filed an App.R. 26(B) application to reopen his direct appeal raising several assignments of error including: the trial court's lack of jurisdiction following his warrantless arrest; ineffective assistance of trial counsel in failing to challenge the victim's competency; failure to argue prosecutorial misconduct in that he was "over-indicted" on trumped up charges, specifically, the number of rape charges in relation to the time frame of the events; counsel's ineffectiveness in "suggesting" that Jury testify; counsel's failure to investigate the origin of an unknown semen donor; counsel's failure to call or recall various witnesses; and prosecutorial misconduct in failing to disclose unspecified exculpatory evidence. This court denied the application and held that Jury failed to demonstrate ineffective assistance of appellate counsel.

{¶ 6} Beginning in July 2018, Jury filed multiple motions in the trial court relating to Jury's and the victim's cell phone records. He claimed that the cell site location data (CSLI) and text messages, which he did not have, was "newly discovered evidence" and that the records would demonstrate inaccuracies in the victim's testimony. On January 20, 2022, the court summarily denied the motions as successive petitions for postconviction relief. Jury appealed.

{¶ 7} On December 9, 2022, this court affirmed the trial court's judgment. *State v. Jury*, 2022-Ohio-4419 (6th Dist.). As to Jury's motion for relief from judgment, the court found no *Brady* violation in the state's failure to reveal its knowledge of the existence of the CSLI and text messages records (there was no evidence that the State actually possessed the records at issue). We found that Jury's claims were purely speculative and

3.

that he was not unavoidably prevented from discovering the information. *Id.* at ¶14-15, 37. The court also upheld the trial court's denial of Jury's motion for leave to request a new trial on the basis that under Crim.R. 33, Jury was not unavoidably prevented from discovering the CSLI data and text messages. *Id.* at ¶ 47. Finally, the court rejected Jury's claim that the State's failure to obtain the CSLI data and text information denied him due process of law. *Id.* at ¶ 51. The court subsequently denied Jury's App.R. 26(A) motion for reconsideration.

{¶ 8} In March 2023, Jury filed a Crim.R. 33 motion for leave to file a delayed motion for a new trial. He claimed he was unavoidably prevented from discovering either the State's or his trial counsel's failure to provide him with over 150 text messages between his and the victim's cell phones. Jury also claimed that because of trial counsel's failure to investigate, he was prevented from discovering blood and DNA evidence from the victim's pants which would have shown that he and the victim had consensual sexual contact prior to the alleged assault. Jury further claimed that trial counsel failed to impeach a state's witness. By separate motion, Jury requested that he be appointed counsel, be granted an extension of time to produce evidence, and that the court hold an evidentiary hearing. The trial court denied the motions based on res judicata.

{¶ 9} On appeal, this court affirmed the trial court's judgment. *State v. Jury*, 2024-Ohio-3342 (6th Dist.). We agreed that Jury's arguments relating to the CSLI data

4.

and the text messages and the identity of the unknown semen donor, had already been addressed and rejected by the courts and was therefore barred by res judicata. *Id.* at ¶ 24.

{¶ 10} The court then addressed Jury's remaining claims that trial counsel failed to:

> (1) investigate or test blood taken from the victim; (2) investigate or test the inner crotch area of the victim's pants for Jury's semen or DNA; and (3) investigate or impeach a state's witness, could have been raised on direct appeal or in his December 15, 2021, motion for leave to file a delayed motion for a new trial. All three of these claims relate to alleged failures by Jury's trial counsel that occurred either before or during trial, and all three of the claims could have been litigated based on the trial record. Because Jury could have raised these claims during his direct appeal or in his previous motion for leave, and because they could have been litigated based on the record, they are also barred by res judicata.

*Id.* at ¶ 25.

{¶ 11} Relevant to this appeal, in November 2023, Jury filed four motions. Jury filed an application for DNA testing, claiming that DNA testing of the interior of the victim's pants would reveal his DNA and would demonstrate that he and the victim had consensual sex. The State's opposition stated that Jury's request did not meet the R.C. 2953.74(B)(1) criteria because Jury failed to demonstrate that the exclusion of the DNA results would be outcome determinative and that he could have requested that the pants be tested at the time of trial.

{¶ 12} Jury also filed a motion requesting records of all preliminary hearings, jury voir dire transcripts, and any other transcripts to support his claims. Jury questioned his counsel's failure to have the voir dire proceedings transcribed. He also moved for a

5.

transcript of the grand jury proceedings. The State opposed the motions noting that Jury had no pending appeal or comparable postconviction motion entitling him to the transcripts at State expense.

{¶ 13} Jury filed a Crim.R. 48 motion to dismiss the indictment or, in lieu, to add the claim to his Crim.R. 33 motion for leave to file a delayed appeal for a new trial. Jury alleged that trial counsel ineffectively failed to request an in-camera inspection of the grand jury proceedings, which would reveal inconsistencies in the victim's statements to police and medical personnel. Jury also claimed prosecutorial misconduct in the State's use of the victim's perjured testimony and "selective prosecution." Finally, Jury disputed the five counts of rape charged within the condensed time frame and the victim's testimony that he ejaculated each of the five times. He posited that the State may have misled the grand jury into believing that he was with the victim much longer than the time frame presented at trial. In opposition, the State asserted that Crim.R. 48(B) is not cognizable in a postjudgment proceeding, and that construing the motion as an untimely and successive petition for postconviction relief, the claims were barred by res judicata.

{¶ 14} On November 28, 2023, the trial court denied Jury's application for DNA testing. It found that under R.C. 2953.74(B)(1), Jury failed to demonstrate the exclusion requirement, or that the DNA testing would prove the DNA found was not his, and the requirement that DNA was not admissible as evidence because since the 1990s, Ohio courts have admitted DNA evidence at trial.

6.

{¶ 15} On November 29, 2023, the trial court denied Jury's records request finding that no pending appeal or appropriate postconviction proceeding entitled Jury to the records. The court also denied his Crim.R. 48 motion construing it as an untimely, successive postconviction relief filing and finding it barred by res judicata.

{¶ 16} Jury timely appealed the judgments.

## II. Assignments of Error

{¶ 17} Jury raises three assignments of error on appeal:[1]

> 1. The Trial Court erred, abused its discretion, when it prematurely denied Defendant's/Appellant's "Application for DNA Testing" without giving consideration to construe his "Application …" as a motion to gain evidence to support his Crim.R. 33(B) filing (now pending appeal); or, to allow him to find the financial means to pay for it.
> 2. The Trial Court erred, abused its discretion, when it prematurely denied Defendant's / Appellant's "Motion for Leave to File a Delayed Motion for a New Trial," "Motion for Dismissal of Indictment; or in lieu of, Motion to Supplement Crim.R. 33 Filing (construed as a "'successive' post-conviction petition"), etc., without giving consideration to other various supporting motion requests, specifically to this appeal, "Motion Request for Records," that were filed before the Trial Court's Judgment Entry and was in support of his Crim.R. 33(B) / Crim.R. 48 (construed as a "'successive' post-conviction petition") filing(s).
> 3. The Trial Court erred, abused its discretion, when it improperly applied res judicata and/or denied Appellant's "Motion for Dismissal of Indictment pursuant to Crim.R. 48; or in lieu of, Motion to Supplement Crim.R. 33(B) Filing" as a successive petition without first giving consideration to his "Motion for Grand Jury Transcripts pursuant to Crim.R. 6(E)," (and "Motion Request for Records"), or making the prerequisite findings of Defendant/Appellant being "unavoidably prevented."

---

[1]The assignments of error have been renumbered to reflect the court's consolidation of case Nos. E-24-017 and E-24-018.

7.

## III. Analysis

### A. Application for DNA Testing

{¶ 18} In Jury's first assignment of error, he contends that, even assuming the request for DNA testing was filed under the wrong statute, the trial court should have interpreted the motion "as a request for evidence, or some other appropriately construed motion." Jury asserts that DNA testing would aid in proving his ineffective assistance of trial counsel claim.

{¶ 19} A trial court's decision to grant or deny an application for DNA testing is reviewed under an abuse of discretion standard. *State v. Quinn*, 2018-Ohio-4536, ¶ 10 (6th Dist.), citing R.C. 2953.74(A). An abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 20} R.C. 2953.71 et seq. governs the procedure for an inmate's request for postconviction DNA testing. Jury's application for DNA testing falls under R.C. 2953.74(B)(1), which provides:

> (B) If an eligible offender submits an application for DNA testing under section 2953.73 of the Revised Code, the court may accept the application only if one of the following applies:
> (1) The offender *did not have a DNA test taken at the trial stage* in the case in which the offender was convicted of the offense for which the offender is an eligible offender and is requesting the DNA testing regarding the same biological evidence that the offender seeks to have tested, the offender shows that *DNA exclusion* when analyzed in the context of and upon consideration of all available admissible evidence related to the subject offender's case as described in division (D) of this section would have *been outcome determinative* at that trial stage in that case, and, at the time of the trial stage in that case, *DNA testing was not generally accepted*,

8.

> the results of DNA testing were not generally admissible in evidence, or DNA testing was not yet available. (Emphasis added.)

R.C. 2953.74(B)(1) lists the requirements conjunctively; thus, the section is interpreted to mean that a defendant must meet all three criteria. *State v. Jordan*, 2024-Ohio-2462, ¶ 13 (10th Dist.), citing *State v. Daniels*, 2020-Ohio-3810, ¶ 35 (5th Dist.); *see also State v. Wilkins*, 2005-Ohio-5193, ¶ 10 (9th Dist.).

{¶ 21} The state does not dispute that Jury satisfied the first requirement because the victim's pants were not tested at trial.

{¶ 22} As to the second requirement, Jury's application provided that DNA testing would not exclude his DNA, but would prove that the two had consensual sex. His application stated that the testing would have changed the outcome of Jury's case by showing that they had consensual sex opposed to her perjured testimony that she was raped. This court previously commented on Jury's claim that he and the victim had a sex-for-hire relationship and that based on their history the sexual acts on the day in question were consensual. We concluded that considering "the other testimony presented at trial—which included sources other than the victim, who had a host of credibility issues—this is insufficient to exonerate Jury." *Jury*, 2022-Ohio-4419, at ¶ 35, citing *Jury*, 2016-Ohio-2663. Jury, thus, fails to meet the second requirement.

{¶ 23} Finally, Jury's application fails to satisfy the third requirement. It is undisputed that in 2014, DNA testing was generally accepted and admissible in evidence. *State v. Roberts*, 2006-Ohio-5018. ¶ 30 (5th Dist.); *State v. Madden*, 2008-Ohio-2653, ¶ 10 (10th Dist.). Additionally, even assuming the trial court had construed the application

9.

as a postconviction motion, it would have been denied as barred by res judicata because the issue could have been raised previously.

{¶ 24} Accordingly, the trial court did not abuse its discretion by denying Jury's application because it failed to meet all three R.C. 2953.74(B)(1) requirements. Jury's first assignment of error is not well-taken.

## B. Crim.R. 33 and Records Request

{¶ 25} In his second assignment of error, Jury asserts that the trial court abused its discretion by denying his Crim.R. 33 motion for leave to file a delayed motion for a new trial without first considering his "Motion Request for Records." He states that the requested documents were necessary to gather evidence supporting his claims.

{¶ 26} Jury previously appealed the trial court's November 15, 2023 judgment denying his Crim.R. 33 motion. Rejecting his claims as barred by res judicata, this court observed:

> Jury contends that the trial court nonetheless abused its discretion by denying his motion for leave without first allowing "the development of facts necessary to support Appellant's claims within his Crim.R. 33(B) filing." He asks this court to remand the case "so the facts/record can be developed, allowing Appellant to gather the supporting material evidence necessary to support his claims." But this argument ignores the fact that Jury's claims are barred by the doctrines of res judicata and the law of the case because each of Jury's claims were previously raised and rejected or could have been raised on direct appeal or in his first motion for leave to file a delayed motion for a new trial. To allow Jury to search for materials in support of claims that he is barred from raising would be pointless.

10.

*Jury*, 2024-Ohio-3342, at ¶ 26.  For the reasons enumerated in our August 2024 decision, Jury's near-identical arguments in this appeal are meritless.  Jury's second assignment of error, therefore, is not well-taken.

### C. Crim.R. 48

{¶ 27} Jury's third assignment of error contends that the court erred by denying his motion to dismiss the indictment as barred by res judicata without first considering his motion for grand jury transcripts and records request.

{¶ 28} A Crim.R. 48 motion seeks dismissal of the indictment by the court and is not cognizable in a postjudgment proceeding.  *State v. Golden*, 2023-Ohio-2780, ¶ 7 (10th Dist.), citing *State v. Ramsey*, 2023-Ohio-2389, ¶ 13 (8th Dist.).  Courts may recast such motions in order to properly categorize the criteria under which it is to be judged. *Id.* at ¶ 8, quoting *State v. Schlee*, 2008-Ohio-545, ¶ 12.  R.C. 2953.21 provides a mechanism for any person convicted of a criminal offense and who claims that there was such a denial or infringement of the person's rights as to "render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States."  Here, Jury's claims fall under the postconviction relief statute.

{¶ 29} Jury's Crim.R. 48 motion claimed that he was tried on an indictment based "partially on perjured testimony," with the State's knowledge.  Jury disputed the number of rape charges in the indictment as compared with the alleged time frame of the crime. Jury also claims that his trial court was ineffective because he failed to subpoena the cell phone records and request an in-camera inspection of the grand jury proceedings.

11.

**{¶ 30}** Construing the motion as an application for postconviction relief, the claims are barred by res judicata as they have been previously raised and rejected or could have been raised. *See* R.C. 2953.23(A)(1). Jury's third assignment of error is not well-taken.

### IV. Conclusion

**{¶ 31}** For the foregoing reasons, the judgments of the Erie County Court of Common Pleas are affirmed. Jury is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.                    _____
                                           JUDGE
Myron C. Duhart, J.

                                    _____
Charles E. Sulek, P.J.                     JUDGE
CONCUR.

                                    _____
                                           JUDGE

---

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.